By the Court. Vanderpoel, J.
The question is, whether the landlord here is liable for the penalty. The premises had been demised for the term of five years, and were actually in the possession of the tenant, when the penalty accrued. As between landlord and tenant, there is no implied covenant that the former shall repair. (Hart v. Windsor, 12 Mees. & Wels. 68.) And in Payne v. Rogers, 2 H. Black. 350, it was held, that if the owner of a house is bound to repair it, he, and not the occupier, is liable to an action on the case for an injury sustained by a stranger, from the want of repair. Butler, J. said, he agreed that the tenant, as occupier, is prima facie liable to the public, whatever private agreement there may be between him and the landlord ; but if he can show that the landlord is to repair, the landlord is liable for neglect to repair. The court *304 held the landlord, in that case, liable, to prevent circuity of action 'r as the tenant would have his remedy over against "his landlord. In Cheetham v. Hampson,. 4 T. R. 318, an action on the case was brought for not repairing fences, whereby the plaintiff was injured, and it was held, that it could only be maintained against the occupier, and not against the owner of the fee, who is not in possession. Lord Kenyon then well says, “ Deplorable, indeed, would be the situation of landlords, if they were liable to be harassed with actions for the culpable neglect of their tenants.” And Buffer, J. says, that the instances of such actions against owners were, where the tenentes et oc~ eupatoses were the same, but the action lies against them only in the latter capacity.
So in Regina v. Sir John Buckrall, 2 Ld. Ray. 804, an information was exhibited against the defendant for not repairing a bridge, because he was lord of the manor; but it was held, by all the judges, that the defendant’s lessee was bound to repair the bridge. The defendant, as landlord, was not liable for this penalty, and the judgment must be reversed.