## SUPREME COURT.

### JOHN M. BATTERMAN agt. ARCHIBALD FINN.

To make a person who is not a party to the action or named in the *injunction order*, liable for *disobeying such injunction*, on the sole ground that he is an *agent or servant* of the defendant, such person should bear such a relation to the defendant as will enable the latter to control his action in regard to the subject matter of the injunction.

*Bona fide lessees* of a water power, who are not made parties to the action, are not liable in damages for disobeying an injunction against their lessor, to restrain him, his servants and agents, from an injurious flow of water upon the plaintiff's premises, upon the ground that they act as the servants and agents of the defendant—the lessor.

It is an established rule, with very few exceptions, that a *landlord* is not answerable to third parties for injuries resulting from the wrongful or negligent acts of the *tenant*.

The remedy by injunction is extraordinary, and should only be resorted to where there is a clear right, as there is much greater reason to apprehend that irreparable injury will be produced by its too frequent use, rather than from the too frequent denial of this remedy.

*Albany General Term, December,* 1864.

*Before* PECKHAM, MILLER *and* INGALLS, *Justices.*

APPEALS from two orders declaring the defendant and others, guilty of contempt for disobeying an injunction issued in the above action.

R. W. PECKHAM, JR., *for appellant.*

C. B. COCHRANE, *for respondent.*

*By the court,* INGALLS, J.   Finn is the only party to the action, and the injunction was directed to him, his attorneys, agents and servants, and served only upon him and Rundle.

The only material question arising upon these appeals is, whether Ruggles, Rundle, Gnessner and Taylor, were the agents or servants of Finn, in the use of the water, and in that capacity wrongfully obstructed the flow thereof, and

flooded the plaintiff's wheels, thereby rendering themselves and Finn liable to damages for a violation of the injunction. It does not appear that Finn has been guilty of any personal act amounting to a violation of the injunction, but it is claimed that he became liable, as well as his lessees, for their wrongful or negligent acts. In other words, that such lessees were the *agents or servants of Finn,* in such sense as to bring them within the command of the injunction, and thereby render *him liable* for their acts, *and they liable* for a violation of the injunction.

It is not found as a fact, nor is it pretended that the parties were guilty of fraud, collusion or conspiracy, in leasing the premises with a view to evade the injunction; nor does it appear that Finn reserved to himself any control over the premises, or that he covenanted to repair, or to do any other act in reference thereto, during the tenancy.

An injunction only issues against a party to the action. (*Willard's Eq. Jur.* p 342; *Fellows* agt. *Fellows,* 4 *Johns. Ch. R.* 25; *Watson* agt. *Fuller,* 9 *How.* 425; *Sage* agt. *Quay,* 1 *Clark,* 347.)

It is also an established rule, subject to rare exceptions, that a landlord is not answerable to third parties for injuries from the wrongful or negligent act of the tenant (*Cheetham* agt. *Hampson,* 4 *D. & East,* 319). Lord KENYON, Ch. J., remarks: "And deplorable, indeed, would be the situation of landlords, if they were liable to be harrassed with actions for *the culpable negliglect of their tenants.*" (*The Mayor, &c.,* agt. *Corliss,* 2 *Sandf.* 301; *Bean* agt. *Ambler,* 9 *Penn. R.* 193.)

It does not appear that Finn directed, or even advised the other persons to use the water in such manner as to set back the same and flood the plaintiff's wheel; but on the contrary, cautioned them to so use the water as to avoid doing the plaintiff injury. It is not pretended that the structure by which the defendant controlled the water at his mill, was itself a nuisance, but that the wrong consisted in the manner that structure, in itself lawful, was used; hence it cannot be successfully contended that Finn was liable, because he first

· created a nuisance, and suffered others to continue it with his approbation, when he should have abated it. No such state of facts exists in this case. We are unable to discover upon what principle the other persons named, can by possibility be regarded the agents or servants of Finn, or how he can be held responsible for their acts, upon the facts in this case. By the lease, he surrendered the entire control of the water to the lessees, and we must assume it was susceptible of use in such manner as not to prejudice the plaintiff. The conclusion seems irresistible, that Finn is not liable for their acts as his agents or servants, nor were they liable by reason of any such relation.

To make a person who is not a party to the action or named in the injunction order, liable for disobeying such injunction, on the sole ground that he is an agent or servant ; the person should bear such a relation to the defendant, as will enable the latter to control the action of the person sought to be charged, in regard to the subject matter as to which the injunction issues ; this is but reasonable. The remedy by injunction is extraordinary, and should only be resorted to when there is a clear right, as there is much greater reason to apprehend that irreparable injury will be produced by its too frequent use, rather than from the too frequent denial of this remedy.

To hold the defendant or his lessees liable under such circumstances, would, in my judgment, be giving to such injunction order a too far-reaching effect, and establishing a dangerous precedent (*The People* agt. *The Albany and Vermont R. R. Co.* 20 *How.* 358).

It is true that the transfer of property may subject a plaintiff to inconvenience and multiplicity of proceedings to obtain adequate redress, but that consideration will not justify a violation of right, or a departure from well established practice. It is not a serious hardship upon the plaintiff to be compelled to bring before the court as parties to the action, those against whom relief is sought, especeially when the remedy by injunction is resorted to.

Batterman agt. Finn.

We are of opinion that the orders of the special term should be reversed, with costs.

PECKHAM, J., concurred.

MILLER, J., dissented.

————————

ERRATA:

In the case of *Bridenbecker* agt. *Hoard, ante, p.* 294, in the sixteenth line from the top, the words "second count," should read "*several counts.*"

On page 298, in the tenth and twenty-second lines from the top, the word "corporators," should read "*copartners.*"