WILLIAM M. WALTON, Plaintiff, v. THE GRAND BELT COPPER COMPANY, Defendant.

THE FARMERS' LOAN AND TRUST COMPANY, Appellant.

*Receiver appointed in this State — made a party to an action of mortgage foreclosure brought in another State — only a party to an action can be enjoined.*

A receiver of the property of a corporation, appointed in the State of New York, who is made a party to an action of foreclosure, brought in another State, of a mortgage given by such corporation, is not entitled to an injunction restraining the prosecution of such foreclosure suit where the question involved therein relates, not to the regularity of the appointment of the receiver, but to the

priority in right of payment, over the mortgage, of certain notes or certificates issued by the receiver.

Where the plaintiff in the foreclosure suit is not a party to the action in which the receiver was appointed, an injunction is not properly issued in such latter action, as section 603 of the Code of Civil Procedure requires that the party enjoined should be a party to the action, or one who acts under his authority or employment.

APPEAL by the Farmers' Loan and Trust Company from an order, made in the first above-entitled action, entered in the office of the clerk of the county of New York on the 21st day of February, 1890, which enjoined the appellant from assailing, in a foreclosure suit brought by it in the State of Texas against the Grand Belt Copper Company and others, the regularity of the appointment or powers of the receiver, and further provided that said order should not be construed as enjoining the Farmers' Loan and Trust Company from contesting in the foreclosure suit in Texas any claim that might be asserted of priority of the receiver, or of any one claiming under him, as such question might arise in said foreclosure suit, irrespective of the question of authority conferred upon the receiver by the court.

*David McClure*, for the appellant.

*Fielding L. Marshall*, for William Belden, receiver, etc.

DANIELS, J. :

The respondent, William Belden, was appointed receiver of the property of the Grand Belt Copper Company in March, 1887, by a judgment recovered in this action. In July, 1884, the Grand Belt Copper Company executed a mortgage to the Farmers' Loan and Trust Company upon real estate situate in Texas, and secured thereby the sum of $400,000 in corporate bonds of $1,000 each, issued by the Copper Company. That company made default in the payment of the indebtedness, and in September, 1889, the Farmers' Loan and Trust Company commenced an action in the District Court of Hardeman county, in the State of Texas, for the foreclosure of this mortgage and the sale of the property on which it was given.

It is alleged in the complaint for the foreclosure, that William Belden had been appointed receiver of the Grand Belt Copper Company, and that the order appointing him was of no force or

effect, so far at least as the interests of the Farmers' Loan and Trust Company were concerned, and that its rights as mortgagee in trust were in no way affected by this action, or the appointment of the receiver or any indebtedness he might have incurred; but upon information it was alleged that the receiver claimed to have issued and negotiated notes and certificates of indebtedness as receiver, and that Hiram Pool claimed to be the owner of the notes or certificates. It is further averred that the Farmers' Loan and Trust Company, the mortgagee, never consented to the making or issuing of the certificates; that it was no party to this action, and that any right or claim of either the receiver or Pool must be subsequent, subsidiary and junior in lien to the lien of the mortgagee under its mortgage or trust deed. These two persons were made defendants in the foreclosure case, to extend to them the opportunity of setting up such rights and claims therein as they might be advised. And it was upon this part of the complaint in the foreclosure action that the application was made by the receiver in this action, for an injunction restraining the prosecution of the action pending for the foreclosure of the mortgage in the State of Texas. Upon a hearing of the motion the court made an order enjoining the Farmers' Loan and Trust Company from assailing in the foreclosure suit the appointment or powers of the receiver, but declaring that the order should not be construed as enjoining the company from contesting in the foreclosure suit in Texas any claim of priority which might be asserted by the receiver or of any one claiming under him, irrespective of the power and authority conferred upon him by this court.

No cause or ground for the injunction was presented by the facts in this manner alleged in the complaint in the suit in Texas. For it was not a part of the design of the allegations set forth, to question the regularity of the appointment of the receiver in this action, but what was intended to be contested under this part of the complaint, was his right to issue notes or certificates, having a priority by way of lien or right to payment, over the preceding mortgage executed and delivered to the trust company. That was an entirely legitimate subject of litigation incident to the complete disposition of the foreclosure suit in the State of Texas. And it is not the practice of this court, by way of injunction, to interefere with the proceedings in the court of another State, unless they may appear to be

vexatious or oppressive or instituted to obtain some unjust or inequitable advantage. (*Claflin* v. *Hamlin*, 62 How. Pr., 284; *Bowers* v. *Durant*, 43 Hun, 348; *Cowper* v. *Theall*, 40 id., 520.)

Where no fact of that nature can be presented to support the right to an injunction, the party is ordinarily left to vindicate his right in the action brought against him by the party desired to be enjoined. (*Savage* v. *Allen*, 54 N. Y., 458.)

So far as the receiver's rights and powers were intended to be brought into controversy in the suit in Texas, they necessarily affected the rights of the trust company under the mortgage, and should, in that action, be contested and determined.

The Farmers' Loan and Trust Company was not a party to the action in which the receiver by the judgment recovered had been appointed. Neither was any action brought by him against the company to obtain the injunction; but it was issued wholly upon affidavits and an order to show cause, without in any manner making the trust company a defendant in this suit. And the Code has provided, in regulating and prescribing the practice for obtaining an injunction, for issuing it only against a party to the action. By section 603 of the Code of Civil Procedure the injunction is allowed to be issued where it appears from the complaint that the plaintiff is entitled to a judgment against the defendant restraining the commission or continuance of an act, etc. And by the following section also, where it appears by affidavit that the defendant, during the pendency of the action, is doing or procuring or suffering to be done, or threatens to do an act in violation of the plaintiff's right respecting the subject of the action, and tending to render the judgment ineffectual; or where it appears that the defendant, during the pendency of the action, threatens, or is about to remove or dispose of his property with intent to defraud the plaintiff. This language clearly contemplates the intention to have been to provide for the injunction only against a party to the action, and, constructively, those who may act in his employment or under his authority. The Farmers' Loan and Trust Company sustained no such relation to any party to this action, and it was in no sense made a party to it by the proceedings which were taken. And for that, as well as the other reason already assigned, no case for an injunction was made out. It is true, as the order was made, it might not interfere in any

serious degree with the prosecution of the foreclosure suit in the State of Texas. But the trust company was not obliged to submit to the risk of its doing so or not, inasmuch as the case made required no injunction, and the order itself was irregular.

It should, therefore, be reversed, with ten dollars costs and the disbursements, and the motion denied.

Van Brunt, P. J., and Brady, J., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion denied.