HERMAN BROS. *v.* SARTOR.

(*Jackson.* June 8, 1901.)

INJUNCTION. *Deed made in violation of, not void, when.*

A deed made in violation of an injunction is not void or inoperative as to any one except the person for whose benefit the injunction was granted, and not as to him where he has consented to the making of the deed without dissolution of the injunction.

Cases cited: Greenwald *v.* Roberts, 4 Heis., 500; Wilhoit *v.* Castell, 3 Bax., 419.

---

FROM CARROLL.

---

Appeal from Chancery Court of Carroll County. A. G. HAWKINS, J.

ALVIN HAWKINS for Herman Bros.

MCCALL & MCCALL for Sartor.

MCALISTER, J. Complainants, as judgment creditors of W. H. Sartor, with *nulla bona* return of execution, filed this bill to set aside a certain conveyance of land from Sartor and wife to Cazort, upon the ground that it was made to defraud creditors and was also executed in violation of an injunction. The facts necessary to be stated are that

W. H. Sartor and wife conveyed certain real estate, in the town of Huntingdon, to George T. McCall, as trustee, to secure an indebtedness of W. H. Sartor to J. C. R. McCall, dower and homestead being waived. The property conveyed was owned by Sartor and wife as tenants by entirety, and was worth more than the debt secured. On July 11, 1899, thereafter, one Wright, a judgment creditor of Sartor, filed a bill against Sartor and wife and McCall, trustee, to foreclose said deed of trust and subject the surplus to the payment, of Wright's debt. An injunction issued in that case, upon the fiat of the Chancellor, restraining Sartor and wife from selling, transferring, or in any way further encumbering said property until the hearing of said cause. The injunction issued July 15, 1899, and the same day was duly served on Sartor and wife. On August 11, 1899, Sartor fully paid and discharged the debt he owed Wright, and, with Wright's consent, Sartor sold and conveyed the property in question to the defendant, Cozart. The present bill of Herman Bros. & Lindauer was filed on August 17, 1899, after the debt due Wright had been paid. No proof was taken tending to show that the deed from Sartor and wife to Cozart was made to hinder, delay or defraud creditors, but it is insisted that the conveyance is void for the reason that it was made in violation of the injunction issued upon the Wright bill. As already stated, the Wright debt was paid off on August 11, but the Wright injunc-

tion bill pended until November 26, 1899, when the suit was dismissed at the rules, by order of complainant, upon the payment of the costs by the defendant Sartor.

We are unable to perceive how an injunction, sued out by Wright, can enure to the benefit of the present complainants. They were strangers to the Wright bill, and their bill, moreover, was not filed until after Wright's debt had been paid. The fact that the conveyance was made by Sartor and wife to Cozart, before the injunction was dissolved, was a matter of which Wright alone could complain. But as already stated Wright was paid and he consented that the conveyance might be made.

In *Greenwald* v. *Roberts*, 4 Heis., 500, it was held that a purchase, made pending an injunction inhibiting a sale, is void against the interest of the complainant in the bill, but valid as to the vendor. It was insisted in that case that Nathan Greenwald was under an injunction against selling and conveying the land at the time of his conveyance to complainant and that the conveyance was therefore void.

The Court held that the injunction was intended for the protection and security of Bond, by preventing a conveyance of the land so as to endanger or defeat his claim. The pendency of the suit, and the injunction which operated personally on Nathan Greenwald, would have the legal effect of making any conveyance by him inoperative, so far as Bond's interest was concerned. But, as between Nathan

Greenwald and a purchaser from him, the convey-
ance would not be affected.    *Wilhoit* v.    *Castell*, 3
Baxter, 419; Spellings on Extraordinary Relief, Vol.
2, p. 913, Secs. 1133 and 1134.

These authorities, we think, are conclusive of the
question, and the result is that the decree must be
affirmed.