HAYWARD A. HARVEY *vs.* FRANK B. SMITH & another, administrators.

Worcester. September 30, 1901. — October 17, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Mortgage,* Power of sale.

A power of sale in a mortgage is a power coupled with an interest, which cannot be revoked by the mortgagor, and is not affected by a decree of a United States court, in a suit to which the mortgagee is not a party, enjoining the mortgagor from transferring any equitable or other interest in the mortgaged property.

BILL IN EQUITY by the mortgagor of a palace car called " Boston," to restrain the defendant Smith, one of the administrators of the estate of George Leonard, from foreclosing a mortgage thereon, filed December 15, 1899.

The answer of the defendant Smith admitted that he had taken possession of the car to foreclose the mortgage, and further admitted that the mortgage and note were in the possession of Thomas Weston, Esquire, as attorney for the defendant Truesdell, his co-administrator. He denied that Truesdell had objected to his action in the premises, and alleged that his action was taken with the knowledge and approval of Truesdell and Weston and on behalf of the mortgagees.

The defendant Truesdell alleged upon information and belief, that the defendant Smith had received from the plaintiff, or some one in his behalf, a large amount of money in part payment of the note, which had not been credited upon the note, and of which the defendant Truesdell was entitled to receive one half, and he alleged that it was not for the interest of the defendants that the car should now be sold at a foreclosure sale, but if upon the rendering of an account of the amount due to each of the defendants respectively it should appear that the foreclosure sale should proceed, he would then pray that such sale might be made for the benefit of both defendants, and prayed that an account might be taken of the sum due upon the mortgage to each of the defendants respectively.

By the master's report in the case, it appeared, that it was

agreed between the defendant Smith and the defendant Truesdell, in the presence of the master, that whenever there should be a sale or other disposition of the property covered by the mortgage, there should be charged against the share to be paid to the defendant Smith the sum of $900 theretofore received by him, and the defendants agreed that there was no need of further accounting as between them.

The master found as a fact, if material, that the United States Circuit Court for the District of New Jersey on November 9, 1899, enjoined the American Palace Car Company, of New Jersey, and the American Palace Car Company, of Maine, and Hayward A. Harvey, the plaintiff, and others, "from assigning, transferring, selling, exchanging, or in any wise disposing of any of the patent rights or other property formerly of the Palace Car Company, of Maine, including any equitable or other interest of that company in the palace car 'Boston.'" He found by preponderance of the evidence that the palace car "Boston" referred to was the same as that referred to in the plaintiff's bill.

He also found as a fact, if material, that the stockholders of the American Palace Car Company of Maine, on August 11, 1897, voted to accept an offer to transfer the chattels and property of that company to one Mott, or to such person or corporation as he might elect, for the purpose of transferring the property to the American Palace Car Company of New Jersey, upon assumption by the New Jersey company of the liabilities of the Maine company, and of an exchange of stock in the proportion of two shares of the Maine company for one share of the New Jersey company.

The master found that no accounting was necessary, and that there was no evidence tending to show that an injunction should issue restraining the defendant Smith from selling the property described in the mortgage.

The Superior Court made a decree overruling the plaintiff's exceptions to the master's report and dismissing the bill; and the plaintiff appealed.

*W. A. Gile*, for the plaintiff.

*F. B. Smith, T. H. Gage, Jr. & W. S. B. Hopkins*, for the defendant Smith.

KNOWLTON, J.  The power of sale contained in the mortgage is a power coupled with an interest, and neither the mortgagor nor the equitable owner that he represents can do anything to defeat the right of the mortgagees to foreclose by a sale under the power.  The bankruptcy of the mortgagor would not affect the defendant's rights.  *Hall* v. *Bliss*, 118 Mass. 554.

The defendants are not parties to the suit in which the injunction was issued, and their rights are not affected by the injunction.

The admission of the defendant Truesdell, in his answer, does not bind the defendant Smith, who denied in his answer that Truesdell, or Weston, his attorney, who had the mortgage in his possession, objected to the proposed foreclosure, and averred that his action in foreclosing was with the knowledge and approval of Truesdell and Weston.  As against Smith, therefore, it was incumbent on the plaintiff to prove his allegations, and the finding of the master against him is conclusive.  Moreover, Truesdell in his answer only suggested that for certain reasons the foreclosure ought not to proceed until an account was taken, but at the hearing an agreement was made between the parties as to the state of the account, and both defendants agreed that an account was no longer necessary.

The alleged agreement in regard to the stock of the American Palace Car Company of Maine was immaterial, and the master rightly excluded the evidence of it.  The plaintiff's exceptions to the report are without merit.

*Decree affirmed.*