PETER RIGAS, Respondent, *v.* GEORGE LIVINGSTON, as Commissioner of Public Works of the Borough of Manhattan, City of New York, et al., Defendants.

MORRIS LEVY, Appellant.

INJUNCTION — WHEN PARTIES IN NO WAY CONNECTED WITH DEFENDANTS ARE NOT GUILTY OF CONTEMPT IN VIOLATING ORDER. An injunction order in a suit against city officials to enjoin them from the removal of a sidewalk fruit stand, granted under subdivision 1 of section 604 of the Code of Civil Procedure, restraining the defendants and "all other persons having knowledge of this injunction order," restrains the defendants and those only who act either as their servants or agents or in combination or collusion with them or in assertion of their rights or claims. Parties in no way connected with the defendants, who removed the stand, but neither acted nor assumed to act under their authority, and who removed it in the execution of the process of another court issued on a judgment not based on any claim of the city that the stand was a nuisance, but on a right asserted by a landlord to dispossess a defaulting tenant, are not guilty of a contempt of court as for a violation of the order, although they had knowledge of its provisions.

*Rigas* v. *Livingston*, 86 App. Div. 626, reversed.

(Argued February 10, 1904; decided March 4, 1904.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered October 24, 1903, which affirmed an order of
Special Term adjudging the appellant herein guilty of
contempt of court.

The facts, so far as material, and the question certified are
stated in the opinion.

*Gustavus A. Rogers* for appellant. An injunction order can-
not be made operative against a person who is not a party to
the action in which it is granted. A person not a party to an
action, nor the agent, servant or employee of a party to it,
cannot be punished for violation of the terms thereof. ( *Wat-
son* v. *Fuller,* 9 How. Pr. 425 ; *People ex rel.* v. *Judges
Com. Pleas,* 3 Abb. Pr. 181 ; *Magee* v. *Cutler,* 43 Barb. 239 ;
7 Abb. New Cyl. Dig. 964, 965 ; 3 Abb. New Cyl. Dig. 708 ;
*Lansing* v. *Easton,* 7 Paige, 364 ; *Bowen* v. *Trustees,* 6
Bosw. 245 ; *Boyd* v. *State,* 19 Neb. 128 ; 2 High on Injunc-
tions [3d ed.], 1112, § 1435 ; 2 Spelling on Injunctions [2d ed.],
956, § 1126 ; *People* v. *Compton,* 1 Duer, 555 ; *Forsyth* v.
*Wyman,* 44 Ohio, 277 ; *Barthe* v. *Larquie,* 42 La. Ann. 131 ;
*Marty* v. *Marty,* 66 App. Div. 527.) No violation of the
injunction order was made out against the appellant. (*Doug-
las* v. *Halstead,* 11 App. Div. 101 ; *Slater* v. *Merritt,* 75 N.
Y. 268.) Where a contempt charged is a violation of an
injunction order, the order must clearly embrace and prohibit
the act complained of. (Rapalje on Contempts, 55, § 43 ; *G.
S. Bank* v. *Habel,* 58 How. Pr. 336 ; *Ketchum* v. *Edwards,*
153 N. Y. 534.)

*Meyer Greenberg* for respondent. Courts will not look
with indulgence upon schemes, however skillfully devised,
designed to thwart their orders. (*People ex rel.* v. *Pendle-
ton,* 64 N. Y. 624 ; *Morton* v. *Super. Ct.,* 65 Cal. 497 ; *King* v.
*Barnes,* 113 N. Y. 476.) The orders of the Supreme Court
should be respected and a person who maliciously or by scheme
and trick destroys a status created by an injunction order of

the Supreme Court is guilty of contempt, though he is not a party to the action or special proceeding. (Code Civ. Pro. § 14, subd. 8; *People ex rel.* v. *Court of Oyer & Terminer,* 101 N. Y. 249; *King* v. *Barnes,* 113 N. Y. 470.) It is not absolutely necessary that an injunction order enjoining the doing of an act should be personally served upon the person enjoined, but if he has knowledge, or mere notice thereof, he is guilty of a contempt in case he disobeys it. (*People ex rel.* v. *Rice,* 144 N. Y. 250; *People ex rel.* v. *Brower,* 4 Paige, 405; *People* v. *Sturtevant,* 19 N. Y. 278; *Livingston* v. *Swift,* 23 How. Pr. 1; *Aldinger* v. *Pugh,* 57 Hun, 190; *Daly* v. *Amberg,* 126 N. Y. 490.) A person though not a party to the action may be punished for contempt. (Code Civ. Pro. § 14, subd. 8; *Hull* v. *L'Eplatinier,* 5 Daly, 534; *Daly* v. *Amberg,* 126 N. Y. 490; *Smith* v. *Bond,* 2 D. & L. 460.)

CULLEN, J. The plaintiff was the occupant of a fruit stand on the sidewalk in front of No. 89 Park row in the city of New York. The appellant Levy was the tenant and occupant of the store in front of which the plaintiff's stand was located. Levy was anxious that the stand should be removed, and applied to the city authorities to have such removal effected. Thereupon the plaintiff brought an action in the Supreme Court against the commissioner of public works of the borough of Manhattan and the superintendent of the bureau of incumbrances to enjoin them from interfering with his stand. A temporary injunction was granted which, after a hearing, was continued during the pendency of the action. This order purported in terms not only to restrain the defendants, but also " all persons having knowledge of this injunction order." Thereafter one Rosenblum, the son-in-law of Levy, landlord of the building, brought proceedings in the Municipal Court to dispossess Levy from his store. In these proceedings Levy made default and a warrant for his removal was issued. Acting under this warrant, Loewenthal, a city marshal, and Dickman, the attorney for the landlord, removed

and destroyed the plaintiff's stand. Thereafter application was made to punish Levy, Dickman and Loewenthal for contempt. The proof tended to show that all of them were notified of the existence of the injunction. The Special Term adjudged the parties guilty of a civil contempt in impairing and prejudicing the plaintiff's rights, and fined them the sum of $150. Levy appealed to the Appellate Division, where the order was affirmed. The court afterward allowed an appeal to this court, certifying the question, " Do the papers submitted by the respondent state sufficient facts upon which the order adjudging the appellant in contempt could properly be made ? "

It is a matter of regret that since the learned Appellate Division deemed the case presented a question of law which ought to be determined by this court, it did not write any opinion, and we are thus deprived of the benefit of the views which that court entertained on the subject. The Special Term found that the appellant " did, by trick and scheme, violate said injunction order and caused said stand to be removed." It is doubtful whether the proof was sufficient to justify this finding. Levy was not present at the removal of the stand nor does it appear that he gave any instructions to the persons who actually removed the stand. It does appear that he was anxious to have the plaintiff ousted and had some time previous to this occurrence threatened he would get the stand removed. It also appears that other summary proceedings had been taken by Rosenblum against Levy and the plaintiff to remove them. Those proceedings were dismissed. These facts and the relationship between Levy and Rosenblum create a very strong suspicion that Levy was a prime mover in all the transactions, but it is doubtful whether, in the face of Levy's sworn denial, they were sufficient, in these proceedings, which are *quasi* criminal, to establish his guilt.

However this may be, we are of opinion that the removal of the stand, though illegal, was not a violation of the injunction. The parties might have been sued for their trespass civilly and, it is possible, criminally ; but however great their fault

it was not a contempt of court.   The court had jurisdiction of
the subject-matter of the action and of the defendants to the
action, and the injunction was in all respects valid and bind-
ing on the parties.   But the question is, what persons did it
restrain?   The power of the court to grant injunctions *pen-
dente lite* is to be found in the Code of Civil Procedure (*People
ex rel. Cauffman* v. *Van Buren*, 136 N. Y. 252), and this case
falls within the first subdivision of section 604: "Where it
appears, by affidavit, that the defendant, during the pendency of
the action, is doing, or procuring, or suffering to be done, or
threatens, or is about to do, or to procure, or suffer to be done,
an act, in violation of the plaintiff's rights, respecting the subject
of the action, and tending to render the judgment ineffectual,
an injunction order may be granted to restrain him therefrom."
In terms the Code authorizes an injunction against the defend-
ants only, not the whole world.   There are some exceptions
to this rule, as in the case of proceedings for the dissolution of
corporations which are in the nature of proceedings *in rem*,
where the statute expressly authorizes an injunction against
all creditors.   Therefore, so far as the order purported to
restrain all other persons having knowledge of the injunction,
this provision was inoperative to enlarge its effect.   It is true
that persons not parties to the action may be bound by an
injunction if they have knowledge of it, provided they are
servants or agents of the defendants or act in collusion or com-
bination with them.   Such was the case of *Daly* v. *Amberg*
(126 N. Y. 490) where the agents and employees of the man-
ager of a theatre disobeyed an injunction granted against their
employer to restrain the representation of a play at his theatre.
So in *People ex rel. Davis* v. *Sturtevant* (9 N. Y. 263) an
injunction granted against the city of New York was held bind-
ing on the members of the common council of that city.
Authorities illustrating the rule might be cited to an indefinite
extent, but the underlying principle in all cases of this class, on
which is founded the power of the court to punish for the
violation of its mandate persons not parties to the action, is
that the parties so punished were acting either as the agents

or servants of the defendants or in combination or collusion with them or in assertion of their rights or claims. Persons, however, who are not connected in any way with the parties to the action are not restrained by the order of the court. In High on Injunctions (Vol. 2, p. 1112) it is said: "One who was not a party to the proceeding, and who has acquired no rights from any of the parties defendant *pendente lite*, is not guilty of a breach of injunction by exercising a right which belonged to him before the suit." In Spelling on Injunctions (Vol. 2, p. 956) it is said: "One not a party to a suit in which an injunction has issued, nor an agent of such party, and to whom such injunction is not directed, cannot be held in contempt, or be punished for the violation of the writ, although the act prohibited be illegal in itself." In *Batterman* v. *Finn* (32 How. Pr. 501) it was said that to make a person not a party to the action liable for disobeying an injunction the person should bear such a relation to the defendant as enables the latter to control his action. So it was held that lessees of the defendant who had been enjoined from interfering with a water power could not be punished for violating that injunction, it not appearing that they were acting in conspiracy or collusion with the defendant. In *Walton* v. *Grand Belt Copper Company* (56 Hun, 211) it was held that an injunction could issue only against a party to the action. The same doctrine was held in *Marty* v. *Marty* (66 App. Div. 527). In *People ex rel. Morris* v. *Randall* (73 N. Y. 416) *Batterman* v. *Finn* (*supra*) was quoted with approval, and it was held that a stranger to the restraining orders of the court was in no way affected by or bound to obey them. In the present case the injunction order determined that *prima facie* the plaintiff was authorized to maintain his stand as against the city of New York and its authorities. This was the only right passed upon on the application for the injunction and the only right which could have been passed upon. The injunction order, therefore, properly restrained the city authorities from interfering with the plaintiff's stand. Had any of the city officials or their employees or agents or any third parties

acting in aid of or in connivance with them interfered with the stand, they would have committed a contempt of court. But it is not pretended that the city officials against whom the action was brought, or either of them, in any way, directly or indirectly, by act or solicitation, took part in the subsequent trespass on the plaintiff's property. The parties who removed the stand neither acted nor assumed to act under any right or authority of the city officials, but in execution of the process of another court issued on a judgment not based on any claim of the city that the stand was a nuisance, but on a right asserted by a landlord to dispossess a defaulting tenant. It is true that this process offered no justification for the trespass on the plaintiff's property. That fact did not make them guilty of contempt, but liable as trespassers. A thief might have come along in the night and stolen the plaintiff's stand. He would have been guilty of larceny, but not of contempt of court.

The orders of the Special Term and of the Appellate Division should be reversed and the application denied, but, under the circumstances, without costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT and MARTIN, JJ., concur; VANN, J., dissents.

Orders reversed.