Supreme Court, July, 1920.          [Vol. 112.

### W. B. COON COMPANY, INC., Plaintiff, *v*. FRED MEIN-HART et al., Defendants.

(Supreme Court, Monroe Special Term, July, 1920.)

Injunctions — when motion to vacate denied — actions — conspiracy — labor unions.

> Where in an action for conspiracy all of the defendants are charged therewith, a motion to vacate an injunction as to defendant, with reference to whom no specific tortious act is alleged, will be denied.
>
> An injunction against " all other persons " without connecting them with the defendants, will be modified by adding after such words " acting in combination or collusion with them or in assertion of their rights or claims."

MOTION to vacate or modify a temporary injunction.

O'Brien & Powell, for motion.

Lynn Brothers, opposed.

RODENBECK, J. This is a motion on the papers to vacate or modify a temporary injunction in a strike case. The defendants concede that the papers show specific acts for an injunction against the defendant Meinhart who is alleged in the complaint to have been convicted of coercion in connection with this matter, the defendant Carusotti who was convicted of having committer an assault and the defendant Ancini who is identified as one of the picketers but defendants claim that there are not sufficient allegations in the complaint to justify the granting of the order against the other defendants. In this contention the defendants are in error. The complaint is based upon the claim that the defendants were united in a conspiracy to compel the employees of the plaintiff who were not

members of the United Shoe Workers of America to join that organization and to compel the plaintiff to make such membership a condition of their employment and to ruin the plaintiff's business if it failed to do so. In other words, according to the complaint, the defendants were united in a concert of action to force the plaintiff to adopt a closed shop which means that no one except members of the United Shoe Workers of America could be employed by the plaintiff. On the face of it this is an effort by the defendants, if the allegations in the complaint are true, to prevent, by compulsion, persons not members of the union from working or securing employment in the plaintiff's shop. If this effort could be carried to a successful conclusion in all of the shoe factories in the city of Rochester, it would be impossible for a shoe worker not a member of the United Shoe Workers Union to obtain employment at his trade in the city unless he joined that union. It is sufficient to say that a combination for such a purpose even in a single shop which seeks to coerce the discharge of a person employed in a factory because he is not a member of a union is a conspiracy both under the penal laws of this state and under the decisions of the courts and the act of one or more of the defendants in furtherance thereof is the act of all. Penal Law, § 580, subd. 5; *Curran* v. *Galen,* 152 N. Y. 33; Wigm. Ev. § 1079. The people of the state by their representatives in the legislature have said that no such purpose shall be lawful and the highest court in this state upon principles of the common law has expressed the same view. The general allegation in the complaint as to a conspiracy is supported by statements of the acts of the defendants amounting to threats, intimidation, force and violence alleged to be intended to carry out this illegal purpose. The purpose to secure such a dis-

charge of an employee is illegal and it becomes doubly so when it is supplemented by illegal means such as threats, intimidation, force or violence or similar coercive measures. Injunctions in strike cases should be sparingly granted but there should be no hesitancy in granting such relief where the facts clearly show an actual and apprehended violation of substantial rights of others.

It is claimed by some that injunctions should not issue in labor cases. This is an extreme view and is not supported by a reasonable consideration of the evils of abolishing such a remedy. As heretofore suggested some of the acts of the defendants described in the complaint constitute a crime under the penal statutes of the state which provide that it shall be a crime for two or more persons to conspire: '' To prevent another from exercising a lawful trade or calling, or doing any other lawful act, by force, threats, intimidation, etc.'' (Penal Law, § 580, subd. 5), and the assaults alleged to have been committed in the complaint also constitute a crime under the statutes of the state (Penal Law, § 244) and not only is the person actually engaged in the assault liable to prosecution therefor but one who '' aids and abets in its commission, and whether present or absent, and a person who directly or indirectly counsels, commands, induces or procures another to commit a crime.'' Penal Law, § 2. The defendants who have violated any of these provisions of the statutes are liable to criminal prosecution therefor, but this remedy can be resorted to only after the commission of the offense and after the injury has been done. This remedy is not adequate in all cases. The very acts in this case which the injunction seeks to prevent the defendants from doing illustrate the necessity for such a procedure. The injunction, based upon a reasonable apprehension of

the continuance of past acts, restrains the defendants from conspiring to compel the employees of plaintiff who do not belong to the United Shoe Workers of America to join that union, to compel the plaintiff to make membership in that union a condition of employment, to ruin the plaintiff's business if it failed to impose such a condition. It restrains them from threatening, intimidating and committing acts of force and violence to secure the exclusion of non-union employees from plaintiff's factory, from parading and marching in masses and companies in front of the plaintiff's factory for the purpose of frightening and intimidating plaintiff's employees and those seeking employment, and from interfering with the free passage of employees to and from the factory, from obstructing the employees on the streets and in public places, from annoying them and threatening them and their wives at their homes, from calling men and women employees scabs and strike breakers and other opprobrious names, from falsely calling the plaintiff an employer of strike breakers, from seeking to cause the abrogation of the contract made between plaintiff and the Boot and Shoe Workers Union affiliated with the American Federation of Labor. It restrains them generally from preventing plaintiff, by unlawful means, from carrying on its business and earning wages for its employees and its employees from working at their trades and supporting themselves and their families and from resorting to physical violence to accomplish these ends. It would be a weak answer to the remedy by injunction in this case to say that for some of these acts the defendants could be arrested. It does not appeal to a reasonable mind to say that these things must be tolerated in the interest of the improvement of the workers and that the rights of employers and employees must be subordinated to the accom-

Supreme Court, July, 1920. [Vol. 112.

plishment by unlawful methods of these illegal ends. It is far more rational to prevent the commission of these acts when they may be reasonably apprehended than to wait to punish the offender after some serious damage to life or property has been done. The defend-ants can not and should not be permitted to secure the illegal purposes described in the complaint by the unlawful methods there enumerated by acts that would not be tolerated if committed against them and which they would be quick to resent by an appeal to the courts if necessary. The defendants can not reasonably deny rights to others which they claim for themselves. The injunction in this case does not prohibit peaceful methods of picketing or peaceful persuasion or any peaceful and lawful means to accomplish a lawful pur-pose but is directed only against illegal purposes and unlawful methods, both of which the law condemns whether indulged in by the defendants or anyone else. The course pursued by the defendants as described in the complaint is the substitution of the doctrine of rule or ruin, upon which no genuine progress in industrial affairs can be achieved, for the principle of reason and right, upon which alone real advancement can be attained. There must be an exemplification on all sides of the essence of fair play and justice in labor matters, a recognition of reciprocal rights and a return to the spirit of law and order if there is to be a true solution of the industrial problems that confront the present age.

The injunction, however, should not run against per-sons who are not defendants or who are not connected with the defendants. The power of the Supreme Court to issue a temporary injunction seems to be limited by the decisions to the authority conferred upon the court by the Code of Civil Procedure, apparently over-looking that the Constitution confers upon the Supreme

Court " general jurisdiction in law and equity."
*Rigas* v. *Livingston,* 178 N. Y. 20; *People ex rel.
Stearns* v. *Marr,* 181 id. 463, 470; *Bachman* v. *Harrington,* 184 id. 458. The provision of the Code referred to
authorizes a temporary injunction against the " defendant " (Code Civ. Pro. § 604) but this language is
not to be construed literally as meaning the defendants
named but so as to include all of those who are agents
or representatives of the defendants or who are acting
in combination or collusion with them or in assertion
of their rights or claims. *Rigas* v. *Livingston, supra;
People ex rel. Stearns* v. *Marr, supra.* In the injunction under consideration the language runs against
" all other persons " without connecting them with
the defendants, and there should be added after this
language the words " acting in combination or collusion with them or in assertion of their rights or
claims." This view does not mean that persons who
are not defendants or connected with the defendants,
knowing of the injunction, may not be punishtd for
contempt for a violation of its provisions. They may
be punished just the same not because of a violation
of a direction of the court to them to refrain from
doing certain acts but because of their disregard for
the authority of the courts. 22 Cyc. 1012. In a case
where a person referred to in the injunction is directly
restrained by its language, he may be punished for
contempt for violating the injunction but where he is
not referred to and yet knows of the injunction, he
may nevertheless be punished but upon the ground
that he is defying the authority of the courts. It is,
therefore, unnecessary and improper to include in a
temporary injunction persons not acting for or with
the defendants and the injunction should be modified
accordingly.

The injunction is continued in other respects until

the trial upon the merits, subject to such action meanwhile as the defendants may be advised. With reference to the motion for a bill of particulars counsel for the defendants will renew the motion for such further particulars to which they deem the defendants are entitled.

Ordered accordingly.