CANDLER *v.* WALLACE CANDLER, INC.

1. DIVORCE—DEATH.
   The death of plaintiff in a suit for divorce during its pendency terminates the suit.

2. INJUNCTION—VIOLATION—VALIDITY OF CONTRACTS—TRANSFERS OF PROPERTY.
   Transfers of property and contracts or agreements in violation of an injunction are invalid as to the complainant and those

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation §§ 463, 481.
Death of party to divorce suit.  158 ALR 1205.
[2, 3] 28 Am Jur, Injunctions § 322.
[4] 28 Am Jur, Injunctions § 4.
[5] 12 Am Jur, Contempt § 73.

claiming under him and may be set aside except as against an innocent third person or when it appears that there was no ground for granting the injunction.

3. Same—Violation—Validity of Conveyance.

A conveyance made in violation of an injunction is not void or inoperative as to anyone except those for whose benefit the injunction was granted, and not as to them, where they consented to the making of the conveyance without the dissolution of the injunction.

4. Same—Operation Strictly In Personam.

An injunction operates strictly *in personam* and not against property.

5. Same—Violation—Transfer of Property—Contempt.

A person who violates an injunction, by transferring the subject matter of the litigation to another, may be required to restore the status to purge himself of the contempt.

6. Same—Violation—Nature of Remedy of Declaring Contract Void.

Declaring void a contract made in violation of an injunction is for the benefit of the person injured by the forbidden act, a civil remedy, and is not for the protection of the court, and therefore required by public policy, since it is merely a means of restoring the status.

7. Same—Violation—Suit by Administratrix to Invalidate Transfer.

Widow of decedent, who, as cross-plaintiff in suit for divorce, had obtained an injunction against her husband restraining him from transferring his property or assets, could not, as administratrix of his estate, maintain a suit to have a transfer of stock he had made in violation of the injunction set aside, where his estate was solvent, since the transfer, as to him, was not invalid and the administratrix functions in a representative capacity.

Appeal from Wayne; Bohn (Theodore R.), J. Submitted January 4, 1962. (Docket No. 26, Calendar No. 48,689.) Decided March 16, 1962.

Bill by Margery Fisher Candler, administratrix of the estate of Wheaton Forsyth Candler, deceased, against Wallace Candler, Inc., a Michigan corpora-

tion, Louise Donaldson, also known as Louise Candler, and Manufacturers National Bank of Detroit, a banking corporation, to enforce payment of loan and release securities pledged when such transaction had been enjoined in prior divorce action. Decree for plaintiff against corporation and individual defendant but not against bank. Defendants appeal. Reversed.

*R. Lee Williams,* for plaintiff.

*Edgar W. Pugh* and *Harry J. Cohen* (*Travis, Warren & Nayer,* of counsel), for defendants.

CARR, J. In November, 1956, Wheaton Forsyth Candler instituted a suit for divorce in the circuit court of Oakland county against Margery Fisher Candler. The defendant filed answer and cross-bill, asking in the latter pleading that the court issue an injunction restraining the plaintiff and cross-defendant from molesting or interfering in any manner with cross-plaintiff and the minor child of the parties whose temporary custody had, by prior order, been granted to Mrs. Candler. The injunction further restrained cross-defendant "from selling, assigning, encumbering, hypothecating, mortgaging, concealing, giving away, or in any manner disposing of any of the properties and assets of either or both of the parties hereto."

Service of said injunction was made on Mr. Candler and on the defendants in the present suit with the exception of the Manufacturers National Bank. Thereafter, under date of June 19, 1957, Mr. Candler sought to borrow the sum of $3,500 from said bank, depositing as collateral 360 shares of stock that he owned in defendant Wallace Candler, Inc. In connection with the transaction the said corporation entered into a written agreement to pay the note

and redeem the stock if Mr. Candler defaulted in that respect. The instrument in question was executed on behalf of the corporation by defendant Louise Donaldson, also known as Louise Candler, who was the mother of Wheaton F. Candler.

Subsequent to the transaction in question, and on August 31, 1957, Wheaton F. Candler was killed in an airplane accident and his widow was appointed administratrix of his estate. Acting in such capacity she instituted the present suit in equity, alleging in her bill of complaint that Mr. Candler, in pledging the stock referred to as collateral for the loan from the Manufacturers National Bank, acted in direct violation of the injunction issued by the Oakland county circuit court, and that Wallace Candler, Inc., through its representatives, particularly Mrs. Louise Donaldson, conspired with him to commit such violation and aided and abetted him in so doing by executing the agreement above mentioned. It was plaintiff's theory, as set forth in her pleading, that the acts of the decedent Wheaton F. Candler, Wallace Candler, Inc., and defendant Louise Donaldson, were unlawful and resulted in the perpetration of a fraud on the court as well as on the plaintiff individually and as administratrix of the estate. It was specifically alleged:

"That because of the acts and the situation arising therefrom as hereinbefore set forth, the said estate stands to be deprived of a valuable asset as represented by the 360 shares of stock in Wallace Candler, Inc., to the great detriment and damage of your plaintiff and all those interested in said estate including the creditors thereof; further, that your plaintiff is informed and does believe that the said stock represents an interest in the said Wallace Candler, Inc. in excess of $15,000."

The Manufacturers National Bank filed answer alleging in effect that it had no knowledge of the

existence of the injunction, service of which admittedly was not made on it. The other defendants by their answers denied the right of plaintiff to seek the equitable relief prayed in her bill of complaint which was that said defendants be required by decree of the court of equity to discharge the encumbrance on the stock pledged by Mr. Candler in his lifetime and to deliver possession thereof to plaintiff as a part of the assets of the estate. Following the hearing in circuit court the suit was dismissed as to the Manufacturers National Bank for the reason advanced in its answer, and decree was entered against Wallace Candler, Inc., in accordance with the prayer of the bill of complaint, it being adjudged therein that said defendant redeem the stock and turn it over to plaintiff free and clear of any encumbrance. From such decree Wallace Candler, Inc., and Louise Donaldson, also known as Louise Candler, have appealed.

The primary question involved in the case is whether plaintiff, as administratrix of the estate of Wheaton Forsyth Candler, is entitled to seek equitable relief for the benefit of said estate, the creditors thereof, and the heirs of decedent. Counsel for plaintiff in his brief has stated such question in the following form:

"Does a conspiracy enabling a decedent, during his lifetime, to violate an injunction, give rise to an actionable fraud for which the administratrix of decedent's estate may seek relief from the court for the benefit of creditors and heirs?"

Necessarily involved is the purpose for which the injunction was issued. Bearing in mind the nature of the case pending in the circuit court of Oakland county, it is apparent that the circuit judge granting the injunction on the application of Mrs. Candler had in mind the protection of her possible rights with

reference to the property of the husband in the event of the granting of a decree of divorce with settlement of property interests. Such protection was deemed to require the maintenance of the situation existing at the time of the issuance of the injunction, insofar as possible, to the end that an equitable result with reference to such interests might be reached if a divorce was subsequently granted to either party. The death of Mr. Candler during the pendency of the action disposed of the suit.

Counsel for plaintiff cites and relies on *Beith* v. *Porter,* 119 Mich 365 (75 Am St Rep 402), and *White* v. *Wadhams,* 211 Mich 658. In the first case cited the plaintiff, who was a judgment creditor of Jonathan Porter, filed suit in equity to reach land claimed to have been purchased and paid for by the debtor but as to which title was taken in the name of the debtor's wife. Following the death of the debtor during the pendency of the suit the bill of complaint was dismissed. This Court affirmed the dismissal on the ground that no lien existed in favor of the plaintiff. The discussion in the opinion with reference to fraudulent conveyances and the duty of an administrator with reference thereto when there is a deficiency of assets in the estate is scarcely applicable to the facts in the instant case. We are not dealing here with a conveyance made by a debtor to defraud his creditors but, rather, with a situation in which it is urged that the violation of an injunction granted to a party litigant for a specific purpose authorizes the administratrix of the estate of the violator of such injunction to maintain an action for the possible benefit of creditors and heirs.

In *White* v. *Wadhams, supra,* an injunction was issued in a suit for partnership accounting in order to protect the rights of the plaintiff. Said injunction was violated by defendants, one of whom had not been served but who knew of the injunction. Suit

was dismissed as to a third defendant not shown to have had any knowledge of the writ. It will be noted that the plaintiff in the case, who sought the enforcement of the decree, together with an adjudication that defendants were guilty of contempt of court for violating the injunction, was the individual whose rights the injunction sought to protect. What appears to be the general rule in cases of this nature is set forth in 43 CJS, Injunctions § 207, p 938, as follows:

"Transfers and contracts or agreements in violation of an injunction are invalid as to complainant or those claiming under him, and may be set aside except as against an innocent third person or when it appears on final hearing that there was no ground for granting the injunction.

"However, it has been held that a conveyance made in violation of an injunction is not void or inoperative as to anyone except those for whose benefit the injunction was granted, and not as to them where they consented to the making of the conveyance without the dissolution of the injunction. A contract or conveyance in violation of an injunction is valid as against the party making it."

In accordance with the foregoing statement is *Herman Bros.* v. *Sartor*, 107 Tenn 235, 237 (63 SW 1120), where it was said:

"We are unable to perceive how an injunction, sued out by Wright, can inure to the benefit of the present complainants. They were strangers to the Wright bill, and their bill, moreover, was not filed until after Wright's debt had been paid. The fact that the conveyance was made by Sartor and wife to Cozart, before the injunction was dissolved, was a matter of which Wright alone could complain. But as already stated Wright was paid and he consented that the conveyance might be made."

In accord with the general rule pertaining to the matter is *Cohan* v. *Shibley,* 289 P 169, in which the district court of appeal, first district, division 1, California, summarized the decisions in that State and elsewhere in the following language:

"It is the rule in California, as in other jurisdictions, that an injunction operates strictly *in personam* (*Berger* v. *Superior Court of Sacramento County,* 175 Cal 719 [167 P 143, 15 ALR 373]; *Cherokee Nation* v. *Georgia,* 30 US [5 Pet] 1 [8 L ed 25]; *Fleckenstein Brothers' Co.* v. *Fleckenstein,* 66 NJ Eq 252 [57 A 1025]; *Armstrong* v. *Kinsell,* 164 NC 125 [80 SE 235]; 32 CJ, Injunctions, § 69, p 83; Spelling, Injunctions, § 1), and not against the property (*Schmaltz* v. *York Manfg. Co.,* 204 Pa 1 [53 A 522, 59 LRA 907, 93 Am St Rep 782]); and while transfers and agreements in violation thereof are invalid as to the complainant or those claiming under him, except as to innocent third persons, and may be set aside (*Powell* v. *Bank of Lemoore,* 125 Cal 468 [58 P 83]; *Springfield Marine and Fire Ins. Co.* v. *Peck,* 102 Ill 265; *Union Trust Co.* v. *Southern Inland Navigation Co.,* 130 US 565 [9 S Ct 606, 32 L ed 1043]), it is the rule that the rights of persons not parties to the action are not affected thereby (*Moulton* v. *Parks,* 64 Cal 166 [30 P 613]; *Harvey* v. *Smith,* 179 Mass 592 [61 NE 217]), except to the extent that certain classes, such as agents, servants, attorneys, aiders, and abettors, and persons represented in the suit may by their acts render themselves amenable to punishment for its violation. *Berger* v. *Superior Court of Sacramento County, supra; Rigas* v. *Livingston,* 178 NY 20 (70 NE 107)."

The circuit court of appeals of the eighth circuit in *In re Nevitt,* 117 F 448, 458, pointed out the distinction between criminal and civil contempts, saying as to the latter class:

"The parties chiefly in interest in their conduct and prosecution are the individuals whose private

rights and remedies they were instituted to protect or enforce."

Among other cases of like import is *Standard Roller Bearing Co.* v. *Hess-Bright Manfg. Co.* (DC Del), 264 F 516, which involved an alleged violation of an injunction, issued in the course of receivership proceedings, restraining transactions by a corporation for whom receivers had been appointed. Notwithstanding the injunction a contract was made under which operations were carried on, apparently with beneficial results to the corporation, for some period of time. In commenting on the situation presented, it was said (p 525):

"Did the injunction make the contract void as to the plaintiff? I find no well-settled doctrine that an act done in violation of an injunction is a complete nullity. On the contrary, the usual remedy for breach of an injunction is by proceedings against the offending party for an attachment for contempt, and where the violation has taken the form of a transference of the subject-matter of the litigation, creating an incumbrance against it, entering into a contract affecting it, or delivering possession of it to another, the person guilty of such violation may be required to restore the status to purge himself of the contempt. 2 High on Injunctions (4th ed), §§ 1449, 1461; *Murphey* v. *Harker,* 115 Ga 77 (41 SE 585); *Ashby* v. *Ashby,* 62 NJ Eq 618 (50 A 473). But the restoration in such cases is not to vindicate the authority of the court, but is for the benefit of the party at whose instance the injunction was granted. Declaring a contract made in violation of an injunction void, which is merely a means of restoring the status, is not for the protection of the court, and therefore required by public policy, but is for the benefit of the person injured by the forbidden act. Such a remedy is civil in its nature, and is obtained upon proceedings instituted by private individuals, and not by the court in the interest of

the general public. *Thompson* v. *Pennsylvania R. Co.*, 48 NJ Eq 105 (21 A 182); *Ashby* v. *Ashby, supra.*"

Plaintiffs' bill of complaint attacking the validity of said agreement was dismissed and the order entered was affirmed by the circuit court of appeals of the third circuit in *Standard Roller Bearing Co.* v. *Hess-Bright Manfg. Co.*, 275 F 916.

We think the foregoing decisions indicate clearly the generally accepted principle applicable in cases of the nature of the controversy now before us, and should be regarded as controlling. As before pointed out, the injunction issued by the circuit court of Oakland county was not designed for the protection of Mr. Candler, his estate, his creditors, or his heirs. Rather, its purpose was to protect the cross-plaintiff in the divorce suit. It is obvious that the cross-defendant in that proceeding could not have questioned in his lifetime the action that he took in violation of the injunction. Neither is his estate in position to do so. The authority of the administratrix must be determined accordingly and without reference to the fact that, acting in her individual capacity, she procured the granting of the injunction. We are not here dealing with a conveyance allegedly made for the purpose of defrauding creditors. The purpose for which the injunction was granted is the controlling feature in the case. While not of major significance it may be noted that the rights of creditors will not necessarily be affected by the disposition made. The guardian *ad litem* appointed by the probate court of Wayne county for a minor child of decedent testified that at the time of the hearing the estate was solvent and that certain claims presented against it were being contested.

Counsel for plaintiff has directed attention to the decision of the circuit court of appeals of the sixth circuit in the case of *Candler* v. *Donaldson*, 272 F2d 374.   It appears that Mr. Candler had an insurance policy in the Mutual Benefit Life Insurance Company during the pendency of the divorce proceedings.   He undertook to change the beneficiary thereof from his wife to his mother.   A controversy having arisen with reference to the change in said policy, the insurer filed a bill of interpleader.   The appellate court sustained the claim of Mrs. Candler that the transfer was prohibited by the injunction of the circuit court of Oakland county, as well as by prior order that directed Mr. Candler to continue in force during the pendency of the divorce suit all life insurance policies pending a final adjudication of the cause.   The decision did not involve the controlling issue in the case at bar.   Mrs. Candler was presenting her rights in her individual capacity and the controversy was strictly one as to whether she or the mother of the insured should receive the amount payable under the policy.

The conclusion that plaintiff, as administratrix of the estate of Wheaton Forsyth Candler, is not entitled to maintain the present suit renders unnecessary a discussion of other questions raised by counsel on oral argument and in their briefs.   A decree will enter in this Court dismissing the case, with costs to appellants.

DETHMERS, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.