[Sac. No. 2623. In Bank.—August 14, 1917.]

## CHARLES E. BERGER, Petitioner, v. SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent.

INJUNCTION — CONTEMPT — "PICKETING" — LIABILITY OF PERSON NOT PARTY—INSUFFICIENCY OF AFFIDAVIT.—Persons not parties to an action may be bound by an injunction if they have knowledge of it, provided they are servants or agents of the parties enjoined or act in collusion or combination with them; but a charge of contempt by "picketing" in violation of an injunction is insufficient against one not a party to an action, where the injunction is simply one prohibiting *certain* persons and *classes* of persons from picketing, and the affidavit on which the charge is based does not show that the person charged is one of the persons or classes enjoined, or acting as the agent or servant of or in concert or combination with them, but only that he had actual notice of the terms of the injunction by reason of the service of a copy thereof upon him.

Writ of Review against the Superior Court of Sacramento County. Charles O. Busick, Judge.

The facts are stated in the opinion of the court.

Henry B. Lister, and Charles B. Harris, for Petitioner.

W. T. Phipps, for Respondent.

ANGELLOTTI, C. J.—This is a proceeding in *certiorari* to review an order of the superior court of Sacramento County adjudging petitioner guilty of contempt for violation of the terms of a final judgment of said court, enjoining certain parties therein named, "their officers, members, agents, clerks, attorneys and servants," from "picketing" or causing to be picketed the place of business of the plaintiffs in the action, with any placard or device having on it words and figures as follows: "This theatre is unfair to organized labor, indorsed by Central Labor Council," or any other placard or device having words of similar import and form, or from displaying any such placard or device in front of, or in the immediate vicinity of, said place of business. The parties named in the judgment as so enjoined were all the defendants in the action, being a Motion Picture Operators' Union and cer-

tain officers thereof. The petitioner, Berger, was not a party to the action, and was not named in the judgment. The affidavit on which the contempt proceeding was based shows merely the following: Some five months after the judgment was given he did "picketing" in front of plaintiff's place of business, "by walking and parading back and forth in front of said premises, and carrying on his person a conspicuously displayed sash, which sash bore words conspicuously displaying in large letters, to wit: 'Unfair to organized labor.'" He was then personally served with a copy of said judgment, but nevertheless continued his acts. It was for this alleged disobedience to the terms of the judgment that he was adjudged guilty of contempt by the court and punishment was imposed. There was no allegation whatever in the affidavit, which constitutes the foundation of the contempt proceeding, to the effect that petitioner was a member of the defendant Motion Picture Operators' Union, or that there was any connection, either as aider, abetter, or in any other way, between him and any of the enjoined parties, or that he was an officer or member or agent or clerk or attorney or servant of any such party. So far as appears therefrom or from the findings of the judge of the superior court, he was an absolute stranger to the proceedings, having no connection, direct or indirect, with any of the parties, and not acting in concert with any of them. The claim that, although an entire stranger to the proceedings, he was guilty of contempt, is based entirely on the fact that he had actual notice of the terms of the injunction, by reason of the service of a copy thereof upon him, and because of this actual notice is bound by its terms equally with those against whom it runs.

It is thoroughly settled in this state that the affidavit by which a contempt proceeding is instituted, in order to sufficiently support an adjudication of contempt, must state facts constituting the offense. It is the complaint in such a case, and if defective in that respect, the adjudication cannot stand. So we are not concerned here with any question whether the lower court might properly infer, as mere matter of evidence, from the facts set forth in the affidavit, that petitioner was acting in concert with the enjoined parties as an agent or servant of some kind or as an aider or abetter, or in support of their claims. Such was neither the charge against him nor the conclusion of the lower court. The judgment of contempt

was based solely on the fact that he did the specified thing, with actual notice that other persons were enjoined from doing the same thing by a judgment in a civil action to which he was not a party, and which did not, by its terms, prohibit him from doing anything.

It seems manifest on principle that this affidavit did not charge a disobedience of the judgment. The judgment enjoining was not a judgment *in rem*, of course, but strictly one *in personam*. Ordinarily only the parties to an action and their successors are bound by a judgment given in an action *inter partes*. In matters of injunction, however, it has been a common practice to make the injunction run also to classes of persons through whom the enjoined party may act, such as agents, servants, employees, aiders, abetters, etc., though not parties to the action, and this practice has always been upheld by the courts, and any of such parties violating its terms with notice thereof are held guilty of contempt for disobedience of the judgment. But the whole effect of this is simply to make the injunction effectual against all through whom the *enjoined party* may act, and to prevent the prohibited action by persons acting in concert with or in support of the claim of the *enjoined party*, who are in fact *his* aiders and abetters. As we have said, this practice is thoroughly settled and approved by the courts, and there is a fair foundation for a conclusion that persons so co-operating with the enjoined party are guilty of a disobedience of the injunction. But despite expressions in some authorities that at first blush lend support to the contention of respondent, it is generally held that a theory of disobedience of the injunction cannot be predicated on the act of a person not in any way included in its terms or acting in concert with the enjoined party and in support of his claims. Most of the cases cited by learned counsel for respondent relate to a person so included or so acting. The situation as to the law in this regard is, as we think, correctly set forth in the opinion of the New York court of appeals in *Rigas* v. *Livingston*, 178 N. Y. 20, [70 N. E. 107], in which it was said: "It is true that persons not parties to the action may be bound by an injunction if they have knowledge of it, provided they are servants or agents of the defendants or act in collusion or combination with them. . . . Authorities illustrating this rule might be cited to an indefinite extent, but the underlying principle in

CLXXV Cal.—46

all cases of this class, on which is founded the power of the court to punish for the violation of its mandate persons not parties to the action, is that the parties so punished were acting either as the agents or servants of the defendants, or in combination or collusion with them or assertion of their rights or claims." This was approvingly quoted by the same court in *People, etc.,* v. *Marr,* 181 N. Y. 463, [106 Am. St. Rep. 562, 3 Ann. Cas. 25, 74 N. E. 431], and we think it is unquestionably correct. Even in the federal cases relied on as establishing that under the practice of the federal courts, an absolute stranger to the proceedings having actual notice of the injunction may be punished as for a contempt in the event of action by him in contravention of its terms, it is recognized that his contempt is not for disobedience of the injunction. The only theory upon which such decisions declare he may be held at all under such circumstances is set forth in the opinion in *Garrigan* v. *United States,* 163 Fed. 16, [23 L. R. A. (N. S.) 1295, 89 C. C. A. 494], where it was said that "he is not chargeable for breach or violation of the injunction, in the well-recognized sense of those terms applicable to parties," and therefore no *remedial* contempt proceedings, "for the benefit and enforcement of the rights" of parties to the suit could be maintained against him, and that the proceedings and conviction must be regarded as "distinctly criminal in their nature," and solely "to punish for acts in contempt of the power and dignity of the court." We think it manifest there can be no disobedience of an injunction by a person who is not included in the mandate of the court, either by name or as a member of a class of persons which is properly included, and who is not acting as an aider and abetter of one so included in the assertion of his claims. The injunction here was not one prohibiting the picketing of plaintiff's premises by any and all persons, one running against the whole world, as it were, but simply one prohibiting *certain* persons and classes of persons from picketing, and only those who may fairly be held to be included in its terms, can *disobey* the same.

We are entirely at a loss to see how, there being no disobedience of the injunction charged, as we have shown, there can be any conviction of contempt based on the theory that the affidavit or complaint shows acts "in contempt of the power and dignity of the court," acts, as referred to in *Garri-*

*gan* v. *United States, supra,* in defiance of the "command
of the court," and constituting an "interference with or
obstruction of the administration of justice." There was no
"command" of the court addressed to petitioner in any way,
by name or as a member of any class, and it was not charged
that he was acting in concert or connection with or in aid of
any party to whom the command was addressed. How, then,
can it be said that he was acting in defiance of the command
of the court, or in any way interfering with the execution of
that command against those to whom it was addressed? Nor
can we see in the matters charged any interference with "the
process or proceedings of a court." (Code Civ. Proc., sec.
1209, subd. 9.) We are firmly of the opinion that the only
logical view in such cases as the one at bar is that we have
set forth from *Rigas* v. *Livingston,* 178 N. Y. 20, [70 N. E.
107], and that for such acts as are described in the affidavit
herein there can be no adjudication of contempt unless the
same constitute a disobedience of the injunction.

A similar question was presented to us in the matter of
*Otto et al.* v *Superior Court,* S'. F. No. 8121, which was de-
cided from the bench on March 5, 1917, against the claim
here made by respondent. The views of the court were then
orally stated, and no written opinion was filed.

As we have already suggested, what we have said bears not
at all upon the right of a court, in a case where contempt is
sufficiently charged by complaint or affidavit, to make such
reasonable inferences from the evidence as to the character
in which a party acted as are warranted by such evidence.
But in this case, as already shown, we have neither charge
nor findings by the lower court of matters showing what
amounts to a *disobedience* of the injunction by the petitioner.

In view of our conclusion on this point, other points made
by petitioner need not be considered.

The order adjudicating petitioner guilty of contempt and
prescribing a penalty therefor is annulled.

Sloss, J., Shaw, J., Victor E. Shaw, J., *pro tem.,* Melvin, J.,
and Henshaw, J., concurred.