STATE *ex rel.* MINERAL STATE COAL COMPANY *v.* RAYMOND KOMAR *et al.*

(No. 7354)

Submitted February 28, 1933. Decided March 28, 1933.

*Hinerman, Fitzsimmons & Casey,* for plaintiffs in error.

WOODS, JUDGE:

This is a writ of error from convictions for alleged violation of an injunction order.

Upon a bill filed by the Mineral State Coal Company, a mining corporation, in the circuit court of Marshall county, an order was entered October 8, 1921, perpetually enjoining a large number of persons, therein named, from causing its employees to terminate their contracts of service with it. April 8, 1932, the said Mineral State Coal Company filed its petition in said court, reciting the entry of the injunction order, and charging that William Hooker, B. Sintilius, Stanley Moraskie, John Faulkner, George Weiner, John Zink, H. E. Warrick and Pete Brandon, "well knowing the premises, wholly and contemptuously disregarded said injunction and violated the same in this, by congregating in and about the premises of the plaintiff on the 6th day of April, 1932, and picketing the same for the purpose of inducing employees of the plaintiff, by unlawful means and methods, now working at said mine to quit and abandon their work," and that by reason thereof many of its servants have ceased work. The petition was supported by the affidavits of the superintendent and bookkeeper of the Coal Company, containing similar charges. A demurrer to the petition and motion to quash the affidavits were overruled upon a hearing. Without bringing up the evidence, the plaintiffs in error (respondents in the contempt proceeding) insist that the demurrer and motion should have been sustained for the reason, among others, that neither the petition nor affidavits show that they had conspired with the persons enjoined to violate the injunction. The information or affidavit, upon which the rule is issued, must show on its face facts sufficient to constitute contempt. 13 C. J. 64; 6 R. C. L. 537. It does not appear from either the petition or affidavits that any of the respondents were parties

to the injunction or employees of the coal company at the time it became effective, or that the industrial condition prompting the injunction continued thereafter, or that the respondents had conspired with the persons enjoined to violate the injunction, or of what the alleged "unlawful means and methods" employed by them consisted.

Are the pleadings sufficient to support a rule in contempt against the respondents for the violation of the injunction order of 1921? The general rule is that one who violates an injunction is guilty of contempt, although he is not a party to the injunction suit, if he has notice or knowledge of the injunction order, and is within the class of persons whose conduct is intended to be restrained, or acts in concert with such a person. Annotation, 15 A. L. R. 387. So, it has been held that actual notice by one engaged in picketing a place of business alleged to be unfair to union labor, of a judgment enjoining others from performing such acts in an action to which he was not a party, does not render him guilty of contempt in violating the injunction within the terms of which he does not come. *Berger* v. *Superior Court*, 175 Cal. 719, 167 P. 143. And in support of the foregoing, the California court quotes approvingly from *Rigas* v. *Livingston*, 178 N. Y. 20, 70 N. E. 107, as follows: "It is true that persons not parties to the action may be bound by an injunction if they have knowledge of it, provided they are servants or agents of the defendants or act in collusion or combination with them. * * * Authorities illustrating the rule might be cited to an indefinite extent, but the underlying principle in all cases of this class, on which is founded the power of the court to punish for the violation of its mandate persons not parties to the action, is that the parties so punished were acting either as the agents or servants of the defendants, or in combination or collusion with them, *or in assertion of their rights or claims.*"

And, while lapse of time will not prevent punishment for contempt where it appears that the persons cited were amenable to the particular order, we find the circuit court of appeals of the sixth district, in the case of *Tosh* v. *West Kentucky Coal Co.*, 164 C. C. A. 156, 252 Fed. 44, holding that renewed efforts by members of a labor union to unionize a mine, ten years after the issuance of an injunction forbidding

other members as individuals to interfere with mine employees, is not enough to tie the conditions at the later date to those of the earlier one so as to make persons acting at the later date guilty of contempt for violation of the injunction. The injunction order in that case was directed against certain named defendants "and all other persons whatsoever, who may have acquired notice, information, or knowledge of this judgment," etc. The alleged acts of contempt occurred ten years later, during a subsequent attempt to unionize the same mines. The circuit court of appeals indicated that the language quoted was not sufficient in itself to make the several individuals parties to the original litigation and the resulting injunction decree.

We are of opinion that the mere allegation of notice of the existence of the injunction order is not of itself sufficient to show that the plaintiffs in error are amenable to it. So believing, we reverse the judgment of the circuit court, sustain the demurrer to the petition, quash the affidavit in support thereof, and dismiss the proceeding.

*Reversed; dismissed.*