STATE *ex rel.* BEN FRANKLIN COAL COMPANY *v.* JOHN L. LEWIS *et al.*

(No. 7375)

Submitted February 28, 1933. Decided March 28, 1933.

530

*Hinerman, Fitzsimmons & Casey,* for plaintiffs in error.

*James Balph, A. L. Hooton* and *Evans & Evans,* for defendant in error Ben Franklin Coal Co.

WOODS, JUDGE:

This writ of error is prosecuted from a judgment of the circuit court of Marshall county adjudging twelve individuals guilty of contempt for violation of an injunction order, entered July 6, 1925, and made permanent March 1, 1930, by which John L. Lewis, individually and as president of United Mine Workers of America, a number of the members of such organization, in both their individual and official capacities, and "all other persons whatsoever and whomsoever," were restrained from unlawfully interfering with the employees of Ben Franklin Coal Company. Inasmuch as the judgment complained of withheld sentence as to eight of the plaintiffs in error, the writ of error must be dismissed as improvidently awarded as to them, leaving Joe Mitzkavage, Mike Nemeth, Nick Metro and Walter Valandi, as the plaintiffs in error herein.

On the 11th day of May, 1932, Ben Franklin Coal Company filed a petition, duly verified by its superintendent, seeking a rule against twenty-two named individuals, including the four plaintiffs in error now before this Court, on the charge that they, and each of them, had, "contemptuously disobeyed" the foregoing injunction order. The petition, supported by the separate affidavit of the superintendent, after

reciting the entry of the injunction order, charged, among other things, that on April 1, 1932, the United Mine Workers of America called a strike at and against petitioner's mine, and, in an effort to prevent petitioner from operating its mine and filling its contracts, established a system of picketing; that up to the time of filing of said petition ''a large number of men, members of said United Mine Workers of America * * * together with other persons,'' had constantly picketed the premises; that the said twenty-two men had confederated and conspired together and with each other and other persons to the petitioner unknown to induce employees to quit their work and to prevent others from going to work; that certain of said pickets, including the four plaintiffs in error, had made assaults upon employees of petitioner on their way to and from the mine, and that each of the several picketers against whom the rule was sought had knowledge of the injunction order, at the time and times of the doing of the unlawful acts set forth in the petition for the rule, and that their attention had been repeatedly called to the injunction by officers of the circuit court.

Is the foregoing sufficient to support a rule? In *State ex rel. Mineral State Coal Company* v. *Komar et al.*, 113 W. Va. 526. 168 S. E. 810, decided contemporaneously herewith, we held: ''To support an adjudication of contempt the information or affidavit. upon which the rule is issued, must show on its face facts sufficient to constitute the offense.'' And, since a prosecution for contempt is in the nature of a prosecution for a crime, such affidavit or information should state the acts constituting the offense with as great certainty as is required in criminal proceedings. *State* v. *Bittner,* 102 W. Va. 677, 136 S. E. 202; *State* v. *Davis,* 50 W. Va. 100, 40 S. E. 331; *State* v. *Ralphsnyder,* 34 W. Va. 352, 12 S. E. 721; *State* v. *Cunningham,* 33 W. Va. 607, 11 S. E. 76.

The plaintiffs in error admittedly were not made parties to the original suit in 1925, nor served with process. So, in order to bring them within the court's jurisdiction, in addition to knowledge of the injunction order, facts must be alleged which will show that they were servants or agents of the defendant association, or acted in collusion or combination with them. *Berger* v. *Superior Court,* 175 Cal. 719, 167 P. 143, 144.

532

In *Stearns* v. *Marr*, 181 N. Y. 463, 74 N. E. 431, it was held that a member of an unincorporated association who disobeys an injunction which has been granted against the association and its members, and of the existence and terms of which he has knowledge, is guilty of criminal contempt though he was not made a party to the action wherein the injunction was issued and has not been served personally with the injunction order. And in that case, as in the case of *Berger* v. *Superior Court, supra,* the court quoted approvingly from *Rigas* v. *Livingston,* 178 N. Y. 20, 70 N. E. 107, the following: "It is true that persons not parties to the action may be bound by an injunction if they have knowledge of it, provided they are servants or agents of the defendants or act in collusion or combination with them." None of the twenty-two men mentioned in the petition are alleged to be members of the United Mine Workers of America, or any of its locals, and no collusion is averred between them and any of the servants or agents of such organization.

There was no allegation whatever that the several respondents to the rule had knowledge that the strike was brought by the United Mine Workers of America, or that any members of that organization were engaged therein. So far as the petition and affidavits were concerned they were strangers to the proceeding, having no connection, direct or indirect, with any of the parties, and not acting in concert with any of them. No one of their number is mentioned specifically as being a member of the United Mine Workers of America, unless the Frank Darman mentioned in the petition is the same Frank Darman who was a party to the original injunction suit. However, there is no allegation to that effect.

Another element in this case which we believe has a material bearing on whether or not plaintiffs in error can be held amenable to the injunction order, is the fact that seven years have elapsed since the original order was entered. Is the mere allegation that the United Mine Workers of America were instrumental in calling the strike of April 1, 1932, sufficient to tie up the conditions then existing with those of 1925? In the case of *Tosh* v. *West Kentucky Coal Co.,* 164 C. C. A. 156, 252 Fed. 44, the court held that renewed efforts by members of a labor union to unionize a mine, ten years

after the issuance of an injunction forbidding other members as individuals to interfere with mine employees, is not enough to tie the conditions at the later date to those of the earlier one so as to make persons acting at the later date guilty of contempt for violation of the injunction.

We are of opinion the demurrer to the petition and the motion to quash the affidavits should have been sustained. The judgment of the circuit court, in so far as the plaintiffs in error affected by this writ of error are concerned, should be reversed and the proceeding dismissed.

*Reversed and dismissed.*