## INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, STABLEMEN AND HELPERS OF AMERICA, LOCAL UNION NO. 523, OF TULSA, OKLAHOMA, v. KEYSTONE FREIGHT LINES, Inc.

### No. 2297.

Circuit Court of Appeals, Tenth Circuit.

Oct. 24, 1941.

Ned Warren, of Tulsa, Okl., and Philip Hornbein, of Denver, Colo., for appellant.

J. B. Dudley, of Oklahoma City, Okl. (Duke Duvall, of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

On October 2, 1940, Keystone Freight Lines, Inc., herein called Plaintiff, filed an action against approximately forty defendant corporations in the District Court of the United States for the Western District

of Oklahoma. The complaint in substance alleged that Plaintiff was a common carrier of property by motor vehicles in interstate and foreign commerce, under the Motor Carrier Act of 1935, 49 U.S.C.A. Ch. 8, §§ 301–327, engaged in transporting commodities generally on the highways of Oklahoma, Kansas, Arkansas and Texas; that all the defendants likewise were common carriers engaged in interstate commerce under said act; that in the course of its business Plaintiff received and transported shipments directly from shippers, and also shipments initiated on the lines of common carriers beyond the termini of its own lines and intended for transportation to their destination over Plaintiff's lines; that it also initiated shipments along its lines destined for points beyond its own lines and therefore to be transported to their ultimate destination over connecting lines of other common carriers. It alleged that under contractual relations with the defendants, it delivered to them commodities originating on its lines for transportation to their ultimate destination and received from them merchandise for transportation on its lines; that on or about September 20, 1940, all the defendants, without notice and practically at the same time, ceased their relations with Plaintiff, and that as a result thereof Plaintiff could neither deliver to them for trans-shipment merchandise originating on its lines nor receive for trans-shipment over its lines merchandise originating beyond its lines and destined for points along Plaintiff's lines.

Plaintiff prayed that a mandatory temporary restraining order issue without notice, ordering and directing the defendants to resume their business relations with Plaintiff and continue the same until the further order of the court; that during the pendency of the action a preliminary injunction issue against the defendants, their agents, servants and employees, directing them to resume and continue their business relations with Plaintiff, and that upon final hearing the preliminary injunction be made permanent and that defendants, their agents, servants and employees, be mandatorily ordered to resume and continue their former business relations with Plaintiff.

The next day, on October 3, 1940, the court, without notice, issued a temporary restraining order, ordering and directing the defendants, their agents, servants, employees and representatives to resume their business relations with Plaintiff and continue them until the further orders of the court.

October 12, 1940, the court issued a preliminary injunction against all of the named defendants in the action, ordering them to resume their former business relations with Plaintiff, and directing that the order become effective upon Plaintiff giving the bond required by the court, and that it remain in force during the pendency of the action or until otherwise modified.

November 26, 1940, the Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers of America, Local Union No. 523, of Tulsa, Oklahoma, herein called the Intervenor, sought to intervene. It filed its motion of intervention, together with its answer and motion to suspend the preliminary injunction. The application was denied by the court. On December 17, 1940, leave having first been obtained, Intervenor filed an amended and supplemental motion of intervention and proposed answer. Notice of the amended motion and answer was served upon Plaintiff, but not upon any of the defendants to the action.

The court denied Intervenor the right to intervene on the grounds that it had not complied with Rule 24(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in that it had failed to serve a copy of its motion for intervention upon the more than forty defendants to the action, and for the further reason that Intervenor was not entitled to intervene as a matter of right and that permissive intervention should be denied because it would inject a new issue into the case—a labor dispute—and oust the court of its jurisdiction.

■ Rule 24(c) requires that one desiring to intervene in a pending cause shall serve a motion stating the grounds thereof, accompanied by a pleading setting forth the claims or defense for which intervention is sought, upon all the parties affected thereby. The rule does not require notice upon all parties, but only upon those affected by the attempted intervention. The purpose of the rule is not only to inform the court of the grounds upon which intervention is sought, but also to inform parties against whom some right is asserted or relief sought, so they may be heard before the court passes upon the application.

■ Plaintiff sought an injunction not only against the defendants, but also against Intervenor and its members who were employed by defendants under a contract between defendants and Intervenor as their bargaining representative. Intervenor sought no rights or asked for no relief

against the defendants in its pleading of intervention. It sought only to protect itself and its members against an injunction which Plaintiff sought against them. The defendants were in no wise affected by Intervenor's application for intervention and notice to them was not required under Rule 24(c).

Intervenor in its pleading states that it is a labor union affiliated with a national labor organization; that its members are employees of the defendant companies; that its officers have been designated by its members who are employees of the defendant companies as their collective bargaining representative in their dealings with them; that as such bargaining agent it has executed contracts with defendants for the membership of its union employed by them; that such contract provides that the members of the union shall not be allowed to handle freight to or for an unfair company; that Plaintiff is unfair to organized labor; that the union is engaged in a labor dispute with Plaintiff; that a strike is in effect against Plaintiff; that complaint was made to the National Labor Relations Board of the unfair labor practices charged against Plaintiff and an order was issued by the Board against Plaintiff with which it had failed to comply; that this labor dispute was well known to both the Plaintiff and the defendant companies; that the members of Intervenor refused to handle the freight of Plaintiff consigned to the docks where such members were engaged in working for the defendant companies; that shortly thereafter this action was instituted by Plaintiff; that the purpose of the action was to prevent Intervenor and its members from refusing to handle Plaintiff's merchandise as employees of the defendant companies; that the refusal of Intervenor's employees to handle Plaintiff's freight was the only reason why the defendant companies refused to accept Plaintiff's freight; that the Intervenor and its members are the real parties sought to be bound by the injunction.

■ As has been pointed out, Plaintiff sought affirmative relief not only against the defendant companies but also against Intervenor and its members when it prayed for an injunction against defendants, their agents, servants and employees. If the allegations of Intervenor's pleading are taken as true, it is the real party in interest. In any event, under the issues as framed by the petition, it had a substantial interest in the controversy and was a necessary party thereto. Its right of intervention was not permissive, but absolute, under Rule 24(c), and it was error to deny its application for intervention.

Plaintiff moved to dismiss the appeal on the ground that the cause has become moot. It appears that after this appeal was taken from the order of the court denying Intervenor the right to come in and defend against the attempt to obtain an injunction, the trial court did not await the outcome of the appeal as it might have done with a temporary injunction in force, but proceeded to determine the issue on the merits, and on June 15, 1941, entered a decree in the form of a permanent mandatory injunction ordering and directing the defendant companies to resume their business relations with Plaintiff.

■ An injunctive decree may bind not only the parties defendant but also those who are represented by them or are subject to their control or in privity with them. 28 Am.Jur. 505; White Eagle Oil & Refining Co. v. Gunderson, 48 S.D. 608, 205 N.W. 614, 43 A.L.R. 397; Smith v. Illinois Bell Telephone Co., 270 U.S. 587, 46 S.Ct. 408, 70 L.Ed. 747; Rigas v. Livingston, 178 N.Y. 20, 70 N.E. 107; Mattos v. Superior Court, etc., 30 Cal.App.2d 641, 86 P.2d 1056; Shaughnessey et al. v. Jordan, 184 Ind. 499, 111 N.E. 622; Dadirrian v. Gullian, C.C., 79 F. 784. To hold otherwise would enable a defendant to nullify the decree by carrying out the prohibited acts through its servants, agents, employees or those identified with it.

■ One not a party to an action is, however, not bound by an injunction unless he stands in one of these relations to the defendant. In Chase National Bank v. City of Norwalk, 291 U.S. 431, 54 S.Ct. 475, 477, 78 L.Ed. 894, the court held that an injunction may not extend to persons who merely acquire notice of it but who are neither parties to the suit nor confederates or associates of the defendant. The court said:

"It is true that persons not technically agents or employees may be specifically enjoined from knowingly aiding a defendant in performing a prohibited act if their relation is that of associate or confederate. Since such persons are legally identified with the defendant and privy to his contempt, the provision merely makes explicit as to them that which the law already implies. See [In re] Lennon, 166 U.S. 548, 17 S.Ct. 658, 41 L.Ed. 1110. But by extending

the injunction to 'all persons to whom notice of the injunction should come,' the District Court assumed to make punishable as a contempt the conduct of persons who act independently and whose rights have not been adjudged according to law."

In Berger v. Superior Court, 175 Cal. 719, 167 P. 143, 15 A.L.R. 373, it was held that disobedience to an injunction against picketing cannot be charged against one who is an absolute stranger to an injunction suit, having no connection, direct or indirect, with any of the parties and not acting in concert with any of them, even though he has notice of the injunction by reason of the fact that a copy of it was served upon him. In Rigas v. Livingston, supra, it was held that a restraining order restraining the Commissioner of Public Works and the Superintendent of the Bureau of Incumbrances and those acting as their servants or agents or in collusion with them from removing a stand, did not affect the rights of the landlord not a party to the proceedings to remove the stand in execution of process of another court. In Battermann v. Finn, 32 How.Prac. 501, it was held that to make a person not a party to the action liable for disobeying an injunction, the person should bear such a relation to the defendant as enables the latter to control his action. In re Wholesale Licensed Alcohol B.S.U., 125 N.J.Eq. 539, 6 A.2d 660, an injunction was issued enjoining the distillers' union, of which the rectifying employees of the liquor company were members, and all persons acting in concert with them, from picketing the plant. The salesmen employees, members of the salesmen's union, had a labor dispute with the company. It was held that a strike and picketing by them was not a violation of the injunction against the distillery workmen's union. Rule 65(d) of the New Rules of Civil Procedure limits the binding effect of an injunction to the parties to the action, their officers, agents, servants, employees and attorneys, and to those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

Here none of the elements necessary to bind one not a party to the action are present. Intervenor cannot be bound on the theory of representation nor because its members are servants of the defendant companies. The defendant companies do not represent Intervenor. Their interests are in conflict with those of Intervenor and its members. They discontinued their relations with Plaintiff because to continue them would lead to strife and strikes with the employees on account of the provision in the contract with the employees which forbade the defendant companies from handling merchandise of concerns classified as unfair to labor. The elements of representation or identity of interest between Intervenor and defendant companies are wholly absent, and Intervenor and its members may not be bound by the injunctive decree without being parties to the action.

While under the theory as framed by the petition Intervenor was a necessary party, the court evidently recognized that having excluded Intervenor it could not make the injunction applicable to it. So, while the temporary restraining order was issued against the Defendants, their agents, servants, employees and representatives, the permanent injunction ran against the defendant companies alone.

■ We conclude that neither the preliminary injunction nor the permanent injunction affect Intervenor or its member employees of the defendant companies, and that they are free to exercise any lawful rights they possess.

■ One may not appeal from a judgment of a court in which he has no interest. Farmers Loan & Trust Co. v. Waterman, 106 U.S. 265, 269, 1 S.Ct. 131, 27 L.Ed. 115; Atles v. United States, 3 Cir., 50 F.2d 808; Wells v. Demeter, 10 Cir., 84 F.2d 673; Fellheimer v. Townsend (In re Michigan-Ohio Bldg. Corp.), 7 Cir., 117 F.2d 191. Therefore the cause presented by this appeal is a moot one and the appeal must be dismissed.

Dismissed.