Filed 12/17/24  City of Westminster v. Webb CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CITY OF WESTMINSTER, | |
| Plaintiff and Respondent, | G063189 |
| v. | (Super. Ct. No. 30-2022-01280840) |
| DIANNA E. WEBB, | O P I N I O N |
| Defendant and Appellant; | |
| RICHARD C. GRISWOLD, | |
| Real Party in Interest and Respondent. | |

Appeal from orders of the Superior Court of Orange County, Layne H. Melzer, Judge. Affirmed in part and dismissed in part.

Roger E. Naghash for Defendant and Appellant.

Jones Mayer, Amanda A. Pope and Veronica R. Donovan, for Plaintiff and Respondent.

Griswold Law, Richardson C. Griswold, Neil R. Sheaffer and Jarrod J. Ready for Real Party in Interest and Respondent.

In October 2023, Dianna E. Webb filed a notice of appeal to challenge two trial court orders entered in the underlying public nuisance abatement action: a May 2023 order appointing a receiver and an October 2023 order granting the receiver's request for a preliminary injunction. We conclude the appeal from the first order must be dismissed as untimely and the appeal from the second order is without merit. We dismiss in part and affirm in part.

FACTS

I.

THE APPOINTMENT ORDER

At all times relevant to this appeal, Dianna owned a residential real property in the City of Westminster, where she lived with her adult son, Jason Webb.[1] In July 2020, the city issued a notice to abate conditions of the property, listing fire hazards, inadequate sanitation, unsanitary stagnant water, and building code violations.

In September 2022, the city filed a petition asserting the property constituted an ongoing public nuisance. The petition asked the trial court to appoint a receiver under Health and Safety Code section 17980 et seq. to abate the nuisance.

In December 2022, after two prior hearings where she appeared on her own behalf, Dianna filed a responsive pleading through her first attorney. One week later, the court granted Dianna's motion to continue the

---

[1] Because they share a surname, we will refer to Dianna and Jason by their first names. We do not distinguish between Dianna and any related trust with respect to ownership of the property.

proceedings, based on her representation that the alleged violations would be resolved.

The following month, in January 2023 (all dates without mention of the year will refer to 2023), the parties reported they had reached a mutual understanding about how to proceed and the trial court granted a continuance. After a February status conference, the parties returned to the trial court in March, where it ordered the city to provide a proposed order appointing a receiver so the parties could raise any objections for the court's consideration.

On April 4, the city reported that Dianna had no objections to its proposed order. That same day, Dianna signed a stipulation that was approved by her attorney, with the city countersigning the following day.

The stipulation recited a factual history that included the city's pre-petition notice to abate as well as its post-petition inspection of the property in January. Dianna stipulated, inter alia, that she would "work to rehabilitate the [s]ubject [p]roperty and bring it into full compliance with the [notice to abate] and the law" within 60 days of her signature. On the topic of appellate review, the stipulation stated: "The parties hereby waive any right to appeal the order appointing receiver." (Capitalization omitted.)

The following month, on May 10, the trial court entered the city's proposed order, modified on an immaterial point. The order appointed Richardson C. Griswold as the receiver for the property, but also ordered a temporary stay regarding "all powers and duties of the receiver." The stay

3

was based on the parties' stipulated 60-day deadline for rehabilitation of the property. On May 12, the city served on Dianna a notice of entry of the order.

## II.

## THE PRELIMINARY INJUNCTION ORDER

Sixty-three days after Dianna signed the stipulation, Griswold filed and served a notice asserting that Dianna had failed to perform as promised and that Griswold would take action to rehabilitate the property. The trial court conducted a status conference in June and August. In August, the court approved Griswold's plan for rehabilitation, and Dianna's counsel moved to be relieved from representing her.

Later in August, according to Griswold's declaration testimony, "Jason was combative and delayed the start of the [cleanout] work" at the property. The following month, Griswold applied for a temporary restraining order and preliminary injunction, seeking to "restrain[] and enjoin[] Dianna . . . , Jason . . . , and all other occupants or persons in possession of the property."

The trial court denied the temporary restraining order application but set a hearing for the preliminary injunction request. Dianna, through new counsel, filed an opposition with objections. Counsel raised some of the issues that are asserted on appeal—such as Jason's nonparty status in the trial court—but did not raise others, discussed further below, that are asserted here for the first time.

After hearing oral arguments by the parties, the trial court granted Griswold's request for a preliminary injunction. The order stated: "The motion of receiver for a preliminary injunction restraining and enjoining Dianna . . . , Jason  . . . , and all other occupants or persons in possession of the property located at [address], their relatives, employees and agents, or

4

any other persons acting on their behalf, from residing at, entering onto, trespassing onto or interfering with receiver's possession, clean out work, and remediation of the property is hereby granted." (Capitalization omitted.)

The court stayed enforcement of the order for 30 days and ordered "Dianna . . . , Jason . . . , and all other occupants of the property to vacate the property by 11:59 p.m. on October 28, 2023, and refrain from entering the property for any reason without the express permission of receiver." (Capitalization omitted.) The order added: "Should Dianna . . . , Jason . . . or any other occupants of the Property fail to comply with this order, [the] receiver may seek enforcement through all legal means, including but not limited to criminal contempt" proceedings. (Capitalization omitted.)

DISCUSSION

Dianna asserts seven grounds for reversal: (1) malpractice by her first attorney; (2) violations of her rights to be free of unreasonable seizures and searches; (3) inadequate notices of hearings and the "powers" of the receiver that were exercised; (4) insufficient evidence of a public nuisance; (5) excessive relief granted by default; (6) lack of personal jurisdiction over Jason; and (7) violations of Dianna's rights to compensation for governmental takings of property.

To all of Dianna's contentions we apply "three fundamental principles of appellate review: (1) [a trial court order] is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error. [Citations.]" (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.) The three principles reinforce an appellant's duty to demonstrate a miscarriage of justice through adequate analysis and citation to the record. (Cal. Const., art. VI, § 13; *Denham v.*

5

*Superior Court* (1970) 2 Cal.3d 557, 564 [appellate burden of persuasion]; Cal. Rules of Court, rule 8.204(a) [contents of appellate briefs]; see *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 ["'The absence of cogent legal argument . . . allows this court to treat the contention as waived'"].)

I.

### THE APPOINTMENT ORDER

Dianna's first three grounds for reversal rest on the appointment order. As discussed above, the order was entered after her stipulation with the city which, inter alia, waived her right to appeal from the order. This by itself poses a significant issue as to Dianna's attempt to challenge the order.

Even more important than her waiver, however, is the fact that Dianna does not dispute that her October 2023 notice of appeal was filed more than 150 days after the city served on her a notice of entry of order for the appointment order. The parties correctly agree the order is appealable (Code Civ. Proc., § 904.1, subd. (a)(7) ["order appointing a receiver"]), but disagree on timeliness governed by the California Rules of Court.[2]

We agree with the city that Dianna's appeal from the appointment order is untimely because rule 8.104(a)(1)(B) imposed a 60-day deadline to appeal after the service of the notice of entry of the appointment order (rule 8.104(e) [triggering "'judgment'" includes appealable order]). Based on this deadline, Dianna's notice of appeal, with respect to the appointment order, was filed more than 90 days late.

---

[2] All references to rules are to the California Rules of Court.

6

Dianna argues that the city's notice of entry did not trigger the deadline because the appointment order included a temporary stay.[3] Dianna's argument fails because nothing about the stay in the appointment order is reasonably read as attempting to alter any deadline to appeal from the order. (See *In re Marriage of Richardson* (2002) 102 Cal.App.4th 941, 948–949 [court orders interpreted according to contract interpretation principles].) More fundamentally, the court was without power to make such an alteration through the appointment order. (Rule 8.104(b) [narrow deadline extension grounds]; see *Meinhardt v. City of Sunnyvale* (2024) 16 Cal.5th 643, 649 [relief for jurisdictional time limit to appeal "cannot be conferred by stipulation, waiver, or estoppel"].) In sum, we do not reach the merits of Dianna's first through third contentions for reversal because we do not have jurisdiction to consider any appeal that rests on the appointment order. (Code Civ. Proc., § 906 [matters reviewable]; *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 666–667.)

II.

THE PRELIMINARY INJUNCTION ORDER

In contrast, Dianna's fourth through seventh contentions are timely presented as based on the preliminary injunction order. (Code Civ. Proc., § 904.1, subd. (a)(6).) None of them, however, demonstrate a ground for reversal, for the reasons discussed below.

---

[3] The appointment order stated in relevant part: "This Order shall be stayed as long as the rehabilitation work on the Subject Property is conducted in full compliance as agreed between Petitioner City of Westminster and Respondent Dianna E. Webb ('Owner'). If the Owner fails to bring the Subject Property into compliance, as determined by the City, then the stay shall immediately and automatically terminate."

*A. Standard of Review*

"[T]he decision to grant a preliminary injunction rests in the sound discretion of the trial court." (*IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 69; *id.* at pp. 69–70 [discussing traditional "two interrelated factors" of likelihood of prevailing on merits and interim harm].) "The test for abuse of discretion is whether the trial court's decision exceeded the bounds of reason. [Citation.] . . . [T]he reviewing court measures the evidence presented to the trial court against the range of options permitted by the established legal criteria. [Citation.] The scope of the trial court's discretion is limited by the governing law, and an action that ""transgresses the confines of the applicable principles of law"" constitutes an abuse of discretion. [Citation.]" (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 789.)

Without discussing the pages of information her counterparties presented to the trial court, Dianna asserts "[t]here is NO proper and/or validly obtained evidence to show that the [s]ubject [p]roperty is a 'public nuisance.'" To the extent Dianna is challenging the sufficiency of the evidence for the preliminary injunction order, her contention fails because she has not summarized what material evidence—including evidence unfavorable to her position—was presented. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; *Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1658 [appellant's "burden to provide a fair summary of the evidence 'grows with the complexity of the record'"].)

Dianna's remaining contentions invite us to conclude that the trial court's preliminary injunction order fails under de novo review for violating laws based on undisputed facts. For example, Dianna argues that

Griswold exceeded his authority as a receiver by recording a "super priority deed of trust" for the property. But because she provides no citation to any part of the record nor any discussion of statutes—like Health and Safety Code section 17980.2 authorizing receivers to record liens against subject properties—we conclude that Dianna has forfeited the argument based on inadequate briefing. (See *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522–523 [appellate brief must contain reasoned argument and, if possible, legal authority to support its contentions or the court may treat the claim as waived and not address the argument on its merits].)[4]

The last two of Dianna's contentions—that reversal is required because the trial court did not have personal jurisdiction over nonparty Jason and that the preliminary injunction order amounted to a governmental taking without compensation—fail for different reasons. First, although the enjoinment of a nonparty through an injunction order could present a close question of law (Compare *Hassell v. Bird* (2018) 5 Cal.5th 522, 549–557 (conc. opn. of Kruger, J.) [discussing *Berger v. Superior Court* (1917) 175 Cal. 719 and progeny] with *id.* at pp. 561–565 (dis. opn. of Liu, J.) and *id.* at pp. 585–593 (dis. opn. of Cuéllar, J.)), we conclude Dianna's contention fails because she lacks standing to assert Jason's rights.

Code of Civil Procedure section 902 provides that "[a]ny party aggrieved" may appeal from an adverse judgment. "The test is twofold—one

---

[4] Similarly, we deem forfeited Dianna's argument that the trial court erroneously granted relief because it exceeded what was requested in Griswold's petition. In addition to failing to discuss the statute authorizing the receiver's powers (e.g., Health & Saf. Code, § 17980.3), Dianna's theory rests on a false premise that the court's proceedings were conducted as if her default had been entered. The point is contradicted by the face of the appellate record, including Dianna's stipulation to the appointment order.

must be both a party of record to the action *and* aggrieved to have standing to appeal." (*Shaw v. Hughes Aircraft Co.* (2000) 83 Cal.App.4th 1336, 1342.) While a trial court nonparty may move to vacate an order and qualify to file an appeal (see *Hassell v. Bird, supra*, 5 Cal.5th at pp. 526, 548 [reversing denial of motion to vacate judgment brought by appellant that was a trial court nonparty]), Jason has done neither and it does not follow that an appellant may claim the aggrievement of another as a basis for their right to appellate relief (see *Liuzza v. Bell* (1940) 40 Cal.App.2d 417, 427 ["If the void portion does not invalidate or vitiate the acknowledged or legally recognized part, such part may stand"]; cf. *In re K.C.* (2011) 52 Cal.4th 231, 238 [in juvenile dependency context, "parent's appeal from a judgment terminating parental rights confers standing to appeal an order concerning the dependent child's placement only if the placement order's reversal advances the parent's argument against terminating parental rights"]). Dianna has not demonstrated how a purported injury to Jason prejudiced *her* legal interests, and we express no opinion on Jason's legal interests in this matter.

Finally, Dianna argues for the first time on appeal that the preliminary injunction order amounted to an unconstitutional taking of her property, in violation of both our federal and state constitutions. (See *Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 260 ["Although the California Constitution affords somewhat broader protection by also requiring compensation when property is damaged for public use, apart from this difference, the state takings clause is construed congruently with the

10

federal clause"].) She forfeited the contention by failing to raise it in the trial court. (*Romero v. Shih* (2024) 15 Cal.5th 680, 704.)[5]

We note that in any case, the contention would fail on its merits if we reached them. As Dianna acknowledges, it is well-established that an abatement action disqualifies the underlying government conduct from being a governmental taking (*Keystone Bituminous Coal Assn. v. DeBenedictis* (1987) 480 U.S. 470, 492, fn. 22 ["Courts have consistently held that a [s]tate need not provide compensation when it diminishes or destroys the value of property by stopping illegal activity or abating a public nuisance"]), and she presents no meaningful analysis as to why this matter falls outside of the general proposition. For all the reasons above, Dianna has presented no ground for reversal.

---

[5] Dianna has forfeited her reply brief argument, also raised for the first time on appeal, that the preliminary injunction order violated tenant-related laws such as unlawful detainer statutes, particularly because she does not demonstrate undisputed facts as to what notice Jason was provided with while an occupant of the property. (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468 ["The rule that contentions not raised in the trial court will not be considered on appeal is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and efficient administration of the law"]; see *Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997 [general rule of forfeiture for theories raised for first time on appeal].)

## DISPOSITION

Dianna's appeal from the trial court's May 10, 2023, order appointing Griswold as receiver is dismissed, and the court's October 4, 2023, order granting a preliminary injunction is affirmed. Respondents are entitled to their costs in this appeal pursuant to rule 8.278(d)(1).


O'LEARY, P. J.

WE CONCUR:


GOETHALS, J.


MOTOIKE, J.